UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSHUA WESTBROOK,<br><br>Defendant | )<br>)<br>)<br>)<br>) Criminal No. 21-cr-10359-AK<br>)<br>)<br>)<br>) |

**JOINT INITIAL STATUS REPORT AND**
**MOTION FOR ORDER OF EXCLUDABLE DELAY**

The defendant Joshua WESTBROOK was indicted on December 15, 2021 with one count of distribution and possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii).  The defendant was arrested on December 16, 2021, and remains in custody pursuant to a voluntary order of detention without prejudice.  *See* Dkt. No. 10.  Pursuant to Local Rule 116.5(a), and the Court's Initial Scheduling Order (Dkt. No. 13), the government submits the following joint status report and motion for order of excludable delay.

1. **Automatic Discovery and Discovery Requests**

The government provided automatic discovery on January 24, 2022.  The defendant has not made any discovery requests at this time.

2. **Timing of Additional Discovery**

The government does not anticipate providing any additional automatic discovery.

3. **Timing of Additional Discovery Requests**

At this time, the defendant does not know whether he will make additional discovery requests.

4. **Protective Orders**

The Court granted the government's motion for a protective order on January 20, 2022. Counsel for the defendant, Joshua Hanye, signed and returned the protective order to the government on January 24, 2022. Upon receipt of the signed protective order, the government produced automatic discovery.

5. **Pretrial Motions**

The defendant has not filed any pretrial motions under Fed. R. Crim. P. 12(b). The defendant reserves the right to file after review of the discovery.

6. **Timing of Expert Disclosures**

The Court has not yet established a date for expert witness disclosures. The government submits that drug analysts and agents will be the only expert witnesses likely to be called by the government. Accordingly, the government submits that expert disclosures 21 days before trial should be sufficient.

7. **Defenses**

It is too early for the defense to assess this issue.

8. **Excludable Delay**

Zero days of non-excludable time have accrued.

9. **Plea Discussions, Trial**

The parties have not engaged in plea negotiations. Any trial is anticipated to last approximately three days.

10. **Timing of Interim Status Conference**

The defendant requests additional time to review discovery, determine whether or not to make discovery requests, and for the defendant to assess whether or not he intends to file any

motions. As such, the parties request that the Court cancel the Initial Status Conference currently scheduled for February 1, 2022, and schedule an Interim Status Conference in March or April 2022. The parties further request, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the Court enter an order of excludable delay excluding the time between February 1, 2022 and the date set for the next status conference.

DATED: January 25, 2022

                                                  Respectfully submitted,

                                                  RACHAEL S. ROLLINS
                                                  United States Attorney

By:    */s/ Alathea E. Porter*
        Alathea E. Porter
        Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 25, 2022, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                  */s/ Alathea E. Porter*
                                                  Alathea E. Porter
                                                  Assistant U.S. Attorney